UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MARY BRIDGES, | : | Hon. Joseph H. Rodriguez |
| Plaintiff, | : | Civil Action No. 17-7107 |
| v. | : | OPINION |
| DETECTIVE JOSE M. TORRES, JR. | : | |
| Defendant. | : | |

Presently before the Court is the Defendant Jose M. Torres, Jr.'s Motion to Dismiss Plaintiff Mary Bridges' Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). The Court has considered the written submission of the parties, pursuant to Fed. R. Civ. P. 78 (b) and for the reasons that follow, grants the motion.

## Background

Plaintiff Mary Bridges ("Bridges") is the owner and sole resident of her home located at 12 Spruce Street, Bridgeton, New Jersey. Compl. ¶¶ 5, 6. She complains that the Cumberland County Prosecutor's Office targeted and searched her residence in connection to a drug task force investigation against a target named Wayne A. McClain ("McClain"). Id. at ¶¶ 7-12. McClain has no connection whatsoever to Bridges' home. Id. at ¶¶ 17-19.

On November 16, 2015, Defendant, Detective Jose M. Torres, Jr. ("Torres") successfully applied for a warrant to permit entry and search of Bridges' home. Id. at ¶¶ 10-12. At the time, Torres was temporarily assigned to the Cumberland County Prosecutor's Office. The warrant was executed by the Bridgeton Police Department

1

Tactical Entry Team on November 24, 2015, at approximately 12:24 in the afternoon, while Bridges was home. Id. at ¶¶ 13-17. Despite the warrant, Plaintiff claims entry was made into her home without her permission and that the Team determined that none of the evidence used to justify the warrant was found. She challenges the veracity of the information Torres proffered to obtain the warrant and claims that Torres failed to "take reasonable professional measures to ensure there was probable cause to search" her residence. Id. at ¶¶ 18-22.

Plaintiff alleges that her rights under the Fourth Amendment and New Jersey State law were violated when members of the City of Bridgeton Police Department Tactical Entry Team mistakenly entered her home based upon an error in a search warrant/Affidavit prepared by City of Vineland Police Officer Jose M. Torres, Jr. in violation of 42 U.S.C. § 1983, N.J.S.A. § 10:6-2, the New Jersey Civil Rights Act ("NJCRA") and N.J.S.A. 59:1-1, et seq., the New Jersey Tort Claims Act.

Defendant Torres moves for dismissal pursuant to Fed. R. Civ. P. 12 (b) (6) on grounds that the search warrant was valid and/or that Torres' actions, at best, constitute negligence. In the alternative, Torres asserts he is entitled to qualified immunity. For the reasons that follow the motion to dismiss is granted.

## II. Standards of Review

### A. Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a claim based on "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint should be dismissed pursuant to Rule 12(b)(6) if the alleged facts, taken as true, fail to state a claim. Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss pursuant to Rule 12(b)(6), ordinarily only the allegations in the

complaint, matters of public record, orders, and exhibits attached to the complaint, are taken into consideration.[1]  See Chester County Intermediate Unit v. Pa. Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990).  It is not necessary for the plaintiff to plead evidence. Bogosian v. Gulf Oil Corp., 561 F.2d 434, 446 (3d Cir. 1977).  The question before the Court is not whether the plaintiff will ultimately prevail.  Watson v. Abington Twp., 478 F.3d 144, 150 (2007).  Instead, the Court simply asks whether the plaintiff has articulated "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility[2] when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).  "Where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Iqbal, 556 U.S. at 679.

Thus, a motion to dismiss should be granted unless the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true (even if doubtful in fact)."

---

[1] "Although a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment."  U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002) (internal quotation marks and citations omitted) (emphasis deleted).  Accord Lum v. Bank of Am., 361 F.3d 217, 221 n.3 (3d Cir. 2004) (citations omitted).  Here, Plaintiffs' Complaint includes several references to exhibits attached to the Complaint and the Court will consider these documents without converting the motion to dismiss into a summary judgment motion.  In re Rockefeller Ctr. Props., Inc. Sec. Litig., 184 F.3d 280, 287 (3d Cir. 1999).

[2] This plausibility standard requires more than a mere possibility that unlawful conduct has occurred.  "When a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'"  Id.

Twombly, 550 U.S. at 556 (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'shown'-'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

    B.  <u>42 U.S.C. § 1983 and Qualified Immunity</u>

Plaintiff's constitutional claims are governed by Title 42 U.S.C. § 1983, which provides a civil remedy against any person who, under color of state law, deprives another of rights protected by the United States Constitution. See <u>Collins v. City of Harker Heights</u>, 503 U.S. 115, 120 (1992). Any analysis of 42 U.S.C. § 1983 should begin with the language of the statute:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. As the above language makes clear, Section 1983 is a remedial statute designed to redress deprivations of rights secured by the Constitution and its subordinate federal laws. See <u>Baker v. McCollan</u>, 443 U.S. 137, 145 n.3 (1979). By its own words, therefore, Section 1983 "does not . . . create substantive rights." <u>Kaucher v. County of Bucks</u>, 455 F.3d 418, 423 (3d Cir. 2006) (citing <u>Baker</u>, 443 U.S. at 145, n.3).

To state a cognizable claim under Section 1983, a plaintiff must allege a "deprivation of a constitutional right and that the constitutional deprivation was caused by a person acting under the color of state law." <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 235 (3d Cir. 2008) (citing <u>Kneipp v. Tedder</u>, 95 F.3d 1199, 1204 (3d Cir.

1996)). Thus, a plaintiff must demonstrate two essential elements to maintain a claim under § 1983: (1) that the plaintiff was deprived of a "right or privileges secured by the Constitution or the laws of the United States" and (2) that the plaintiff was deprived of his rights by a person acting under the color of state law. Williams v. Borough of West Chester, Pa., 891 F.2d 458, 464 (3d Cir. 1989).

The doctrine of qualified immunity provides that "government officials performing discretionary functions . . . are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person should have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Thus, government officials are immune from suit in their individual capacities unless, "taken in the light most favorable to the party asserting the injury, . . . the facts alleged show the officer's conduct violated a constitutional right" and "the right was clearly established" at the time of the objectionable conduct. Saucier v. Katz, 533 U.S. 194, 201 (2001). Courts may exercise discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand. Pearson v. Callahan, 555 U.S. 223, 236 (2009).

This doctrine "balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably" and it "applies regardless of whether the government official's error is a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." Id. (internal quotation omitted). Properly applied, qualified immunity "protects 'all but the plainly incompetent or those who knowingly violate the law.'" Ashcroft v. al-Kidd, 131 S. Ct.

5

2074, 2085 (2011) (quoting Malley v. Briggs, 475 U.S. 335, 341 (1986)).

For a right to be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Saucier, 533 U.S. at 202 (quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987)). That is, "[t]he relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Couden v. Duffy, 446 F.3d 483, 492 (2006). "If the officer's mistake as to what the law requires is reasonable," the officer is entitled to qualified immunity. Couden, 446 F.3d at 492 (internal citations omitted). Further, "[i]f officers of reasonable competence could disagree on th[e] issue, immunity should be recognized." Malley, 475 U.S. at 341 (1986). See also Brosseau v. Haugen, 543 U.S. 194, 198 (2004) (The general touchstone is whether the conduct of the official was reasonable at the time it occurred.) Finally, because qualified immunity is an affirmative defense, the burden of proving its applicability rests with the defendant. See Beers-Capital v. Whetzel, 256 F.3d 120, 142, n.15 (3d Cir. 2001).

### III. Analysis

Plaintiff alleges violations of her civil rights under the Fourth Amendment, the New Jersey Civil Rights Act, § 10:6-2, and the New Jersey Tort Claims Act, 59:1-1. The Court finds that Plaintiff's claims fail to set forth a constitutional violation of her civil rights because the allegations sound in negligence. In addition, to the extent a cognizable constitutional violation can be inferred from the Complaint, Defendant Torres is entitled to qualified immunity.

Plaintiff's challenge to the validity of the search warrant centers on her claim that Torres submitted erroneous information in his affidavit to the magistrate judge in

violation of her Fourth Amendment rights, inter alia. To succeed on her claim, Plaintiff must satisfy the two-part test developed by the Supreme Court in Franks v. Delaware, 438 U.S. 154, 155-56, 98 S.Ct. 2674, 2676-77, 57 L.Ed.2d 667 (1978). See Lippay v. Christos, 996 F.2d 1490, 1502, 1504 (3d Cir. 1993). Plaintiff must prove "by a preponderance of the evidence, (1) that the affiant knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant; and (2) that such statements or omissions are material, or necessary, to the finding of probable cause." Sherwood v. Mulvihill, 113 F.3d 396, 399 (3d Cir. 1997) (citations omitted).

On a motion to dismiss the Court must accept the allegations in the Complaint as true in considering whether the facts demonstrating the right to relief rise above the speculative level. Twombly, 550 U.S. at 556. Using this standard, Plaintiff complains that Torres failed to take sufficient actions in determining that her home was used in the facilitation of McClain's drug trafficking scheme and that this failure constitutes a breach of "a duty to discover and disclose information he knew and information he should have known to the issuing magistrate." (Id. at ¶ 20).

Torres, the Complaint avers, leapt to the conclusion that Plaintiff's home was the site of McClain's activity without observing McClain or anyone else enter the home and/or without taking any steps to investigate who owned and/or occupied the home. Specifically, the Complaint alleges that "neither the confidential informant nor the surveillance team observed the suspect go in through the door of 12 Spruce Street or come out through the door of 12 Spruce Street" and that "the surveillance team did not observe the confidential informant go into or come out of 12 Spruce Street to purchase narcotics." (Compl. at ¶ 19). Torres also failed "to take reasonable professional

7

measures to ensure there was probable cause to search the dwelling at 12 Spruce Street named in the warrant, includ[e:] checking with the local utility to identify who was receiving service at 12 Spruce Street; checking the deed for 12 Spruce Street to determine ownership; finding that they matched, checking with the local police to determine if the individual had a police record; finding that they matched and she did not, conducting additional surveillance on 12 Spruce Street to determine who was going in and out. Id. at 21.

Finally, Plaintiff alleges Detective Torres "had a duty to discover and disclose information he knew and information he should have known to the issuing magistrate." (Id. at ¶ 20). "The error of identifying a mistaken street address for the residence to be searched, by the Defendant, Detective Jose M. Torres, Jr., as described, supra, directly and proximately led to the execution of the search pursuant to a warrant at the 12 Spruce Street address on November 24, 2015 by the Bridgeton Police Department Tactical Entry Team." (Id. at ¶ 24)

Plaintiff does not claim that Torres acted with the requisite disregard for the truth when he gave the magistrate judge the information to secure the warrant. Ordinarily, an officer can presume a warrant is supported by probable cause and thus valid if such a belief is objectively reasonable. Berg v. County of Allegheny, 219 F.3d 261, 273 (3d Cir. 2000). To succeed on a claim against the affiant and/or to impugn the validity of the warrant, a plaintiff must have evidence "that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and [that] the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that ... the fruits of the search [must be] excluded to the same extent as if probable cause was lacking on the face of the

affidavit." Franks, 438 U.S. at 155-56, 98 S. Ct. at 2676–77; United States v. Frost, 999 F.2d 737, 742–43 (3d Cir. 1993).

Here, Torres' warrant application derived from information that McClain, while under surveillance by law enforcement, purchased illegal substances from confidential informants on two occasions and then went back to the address of 12 Spruce Street, which is Plaintiff's home.[1] Affidavit of Jose M. Torres, Jr., pp. 5-7, Ex. B. The Complaint's characterization of Torres' presentation of information to the magistrate judge as mistaken, careless, and incomplete does not rise to the level of a constitutional violation. "There must be allegations of deliberate falsehood or reckless disregard for the truth, and allegations of negligence or innocent mistake are insufficient[.]" Herring v. United States, 555 U.S. 135, 145 (2009).

Torres' alleged "mistake" or error in identifying Plaintiff's home address as the target of the warrant is grounded in the information supplied to Torres by other law enforcement officials who observed the target of the warrant near and around Plaintiff's home. Plaintiff's assertion that Torres should have done more to assure himself of the veracity of the police officers assertion finds no basis in law. The facts plead do not undermine the reasonableness of Torres' reliance on the information provided to him or

---

[1] Because Torres' Affidavit is integral to and relied upon in in the Complaint, the Court may consider its contents. U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002) ("Although a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment."); Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000) (When reviewing a factual attack, the court may weigh and consider evidence outside the pleadings.)

the warrant application itself. Viewing the Complaint in a light most favorable to Plaintiff, there are no facts which suggest that Torres operated in bad faith or in reckless indifference to Plaintiff's constitutional rights. At best, the complaint espouses common law negligence, which is "not encompassed within § 1983." Davidson v. O'Love, 752 F.2d 817, 825 (3d Cir. 1984).

In addition, even if Torres' conduct rose to the level of a constitutional violation, he is entitled to qualified immunity. Qualified immunity "gives ample room for mistaken judgments" by protecting "all but the plainly incompetent or those who knowingly violate the law." Hunter v. Bryant, 502 U.S. 224, 229, 112 S. Ct. 534, (1991) (quoting Malley, 475 U.S. at 343). Here, there is no allegation that Torres knowingly violated the law and the facts set forth in his affidavit demonstrate that his reliance on the information provided by other law enforcement officers is objectively reasonable. Orsatti v. NJ State Police, 71 F.3d 480, 483 (3d Cir. 1995) (holding officers only lose qualified immunity where there is clear indicia that the existence of probable cause is unreasonable). The Court finds that a reasonable officer could have believed that there was probable cause to search Plaintiff's home and that Plaintiff's claim of mistake does not rise to the level of a constitutional violation. Because Torres is entitled to qualified immunity, Plaintiff's claims under §1983, the NJCRA, and the NJTCA are dismissed.

IV. Conclusion

For the reasons states above, the Court finds that Plaintiff's Complaint fails to state a claim for which relief can be granted. An appropriate Order shall issue.

Dated: March 18, 2019

                                          s/ Joseph H. Rodriguez
                                          HON. JOSEPH H. RODRIGUEZ
                                          United States District Judge